UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

JAMEKA BROWN, and other similarly )
situated individuals, )
 )
            Plaintiffs, )
 )
v. )
 )
G5IVE, LLC d/b/a G5ive, )
 )
           Defendant. )
 )
_____ )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Plaintiff, JAMEKA BROWN, and other similarly situated individuals, sue the Defendant, G5IVE, LLC d/b/a G5ive, and allege:

1. This is an action to recover money damages for unpaid overtime and minimum wages and for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, JAMEKA BROWN ("BROWN" or "Plaintiff"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. BROWN is a covered employee for purposes of the Act.

3. Defendant, G5IVE, LLC d/b/a G5ive ("G5IVE"), is a Florida Limited Liability Company, having its main place of business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *BROWN* AGAINST *G5IVE*

4. BROWN re-adopts each and every factual allegation as stated in paragraphs 1 through 3 above as if set out in full herein.

5. This action is brought BROWN, and those similarly situated, to recover from G5IVE unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." 29 U.S.C. § 206 (a) (1). On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

7. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

8. In Florida, the minimum wage from January 1, 2014, through December 31, 2014, was $7.93 per hour. In 2015, it was $8.05 per hour.

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). G5IVE is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, G5IVE operated as an organization which

sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and G5IVE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of G5IVE was at all times material hereto in excess of $500,000.00 per annum, and/or BROWN, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, G5IVE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or BROWN, and those similarly-situated, was engaged in interstate commerce for G5IVE. G5IVE's business activities involve those to which the Act applies. G5IVE is an adult entertainment club and, through its business activity, affects interstate commerce. BROWN's work for G5IVE likewise affects interstate commerce. BROWN was employed by G5IVE as a bartender for G5IVE's business.

11. While employed by G5IVE, BROWN routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which she was employed. BROWN was employed as a bartender, performing the same or similar duties as that of those other similarly situated bartenders whom BROWN observed working in excess of 40 hours per week without overtime compensation.

12. BROWN was paid $0.00 in wages while employed by the Defendant. She was only allowed to keep a portion of her tips. Subject to discovery, BROWN worked on the following dates and the approximate hours for the Defendant:

a. The Week of December 17, 2014 = 40 hours;

b. The Week of December 22, 2014 = 40 hours;

c. The Week of December 30, 2014 = 30 hours;

d. The Week of January 6, 2015 = 30 hours;

e. The Week of January 12, 2015 = 40 hours;

f. The Week of January 19, 2015 = 42 hours;

g. The Week of January 26, 2015 = 40 hours;

h. The Week of February 2, 2015 = 32 hours;

i. The Week of February 9, 2015 = 40 hours;

j. The Week of February 16, 2015 = 30 hours;

k. The Week of February 23, 2015 = 30 hours;

l. The Week of March 2, 2015 = 40 hours;

m. The Week of March 9, 2015 = 32 hours;

n. The Week of March 16, 2015 = 30 hours;

o. The Week of March 23, 2015 = 40 hours;

p. The Week of March 30, 2015 = 30 hours;

q. The Week of April 6, 2015 = 40 hours; and

r. The Week of June 30, 2015 = 32.5 hours.

13. In addition, G5IVE required BROWN to attend numerous company meetings and "mandatory two-hour stays" for a total of approximately 30 hours.

14. BROWN was employed by G5IVE from approximately December 17, 2014, until approximately July 4, 2015. BROWN seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

15. Whether G5IVE applied a "tip credit" or not to BROWN's pay is irrelevant because G5IVE never properly paid minimum wage or overtime wage to Plaintiff.

16. If G5IVE claims a "tip credit," such credit is unavailing because G5IVE failed to comply with the reduced minimum wage allowed for tipped employees. Therefore, BROWN is entitled to be paid the full minimum wage for all hours she worked. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

17. Prior to the completion of discovery and to the best of BROWN's knowledge, at the time of the filing of this Complaint, BROWN's good faith estimate of her unpaid wages is as follows:

    a. The Week of December 17, 2014 = 40 hours;
        i. $7.93 x 40 = $317.20
        ii. Total = $317.20

    b. The Week of December 22, 2014 = 40 hours;
        i. $7.93 x 40 = $317.20
        ii. Total = $317.20

    c. The Week of December 30, 2014 = 30 hours;
        i. $7.93 x 30 = $237.90

      ii. Total = $237.90

   d. The Week of January 6, 2015 = 30 hours;

      i. $8.05 x 30 = $241.50

      ii. Total = $241.50

   e. The Week of January 12, 2015 = 40 hours;

      i. $8.05 x 40 = $322.00

      ii. Total = $322.00

   f. The Week of January 19, 2015 = 42 hours;

      i. $8.05 x 42 = $338.10

      ii. $8.05 x 1.5 x 2 = $24.15

      iii. Total = $362.25

   g. The Week of January 26, 2015 = 40 hours;

      i. $8.05 x 40 = $322.00

      ii. Total = $322.00

   h. The Week of February 2, 2015 = 32 hours;

      i. $8.05 x 32 = $257.60

      ii. $8.05 x 1.5 x 13 = $257.60

      iii. Total = $257.60

   i. The Week of February 9, 2015 = 40 hours;

      i. $8.05 x 40 = $322.00

      ii. Total = $322.00

   j. The Week of February 16, 2015 = 30 hours;

      i. $8.05 x 30 = $241.50

      ii. Total = $241.50

  k. The Week of February 23, 2015 = 30 hours;

      i. $8.05 x 30 = $241.50

      ii. Total = $241.50

  l. The Week of March 2, 2015 = 40 hours;

      i. $8.05 x 40 = $322.00

      ii. Total = $322.00

  m. The Week of March 9, 2015 = 32 hours;

      i. $8.05 x 32 = $257.60

      ii. Total = $257.60

  n. The Week of March 16, 2015 = 30 hours;

      i. $8.05 x 30 = $241.50

      ii. Total = $241.50

  o. The Week of March 23, 2015 = 40 hours;

      i. $8.05 x 40 = $322.00

      ii. Total = $322.00

  p. The Week of March 30, 2015 = 30 hours;

      i. $8.05 x 30 = $241.50

      ii. Total = $241.50

  q. The Week of April 6, 2015 = 40 hours; and

      i. $8.05 x 40 = $322.00

      ii. Total = $322.00

  r. The Week of June 30, 2015 = 32.5 hours.

        i. $8.05 x 32.5 = $294.13

        ii. Total = $294.13

   s. Mandatory Meetings and "two-hour stays" time = approximately 30 hours

        i. $8.05 x 30 = $241.50

        ii. Total = $241.50

TOTAL UNPAID WAGES: $5,424.88

LIQUIDATED DAMAGES: $5,424.88

**GRAND TOTAL: $10,849.76 plus reasonable attorney's fees and costs.**

18. At all times material hereto, G5IVE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that BROWN, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by G5IVE to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. Furthermore, G5IVE did not abide by the Federal law requiring that employees be paid at least a minimum wage. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of G5IVE who are and who were subject to the unlawful payroll practices and procedures of G5IVE and were not properly paid minimum wages or paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

19. G5IVE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remains owing BROWN, and those similarly situated, these minimum and overtime wages since the commencement of BROWN's, and those similarly situated employees' employment with G5IVE as set forth above,

and BROWN, and those similarly situated, are entitled to recover double damages. G5IVE never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

20.     G5IVE willfully and intentionally refused to pay BROWN minimum and overtime wages as required by the laws of the United States as set forth above and remains owing BROWN these minimum and overtime wages since the commencement of BROWN's employment with G5IVE as set forth above.

21.     G5IVE willfully and intentionally failed to keep records of all hours worked by BROWN and of all payments made to BROWN pursuant to the Act and the Code of Federal Regulations.

22.     BROWN has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, BROWN, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for BROWN and others similarly situated, and against G5IVE on the basis of G5IVE's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award BROWN actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

C.     Award BROWN an equal amount in double damages/liquidated damages; and

D.     Award BROWN reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

BROWN, and those similarly situated, demand trial by jury of all issues so triable as of right.

**COUNT II: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) -- RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS**

23. BROWN re-adopts each and every factual allegation as stated in paragraphs 1 through 22 above as if set out in full herein.

24. Defendants willfully and intentionally refused to pay BROWN her legally owed wages as required by the laws of the United States and remain owing BROWN these wages as set forth above.

25. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or *related to this chapter*, or has testified or is about to testify in such proceeding . . . ."  (emphasis added)

26. On or about July 4, 2015, BROWN complained about not getting paid minimum and overtime wages. The Defendant promised to pay, but never paid any wages whatsoever to BROWN.

27. BROWN quit because the Defendant refused to pay her minimum and overtime wages. The Defendant constructively discharged BROWN.

28. The motivating factors, which caused Plaintiff's constructive discharge as described above, was her demand or complaint seeking the payment of unpaid minimum and overtime wages from the Defendant. In other words, BROWN would not have been constructively discharged but for her complaint about unpaid wages.

29.  Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, BROWN, requests that this Honorable Court:

A.  Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.  Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 23, 2015.

>By: ___/s/ R. Martin Saenz
>R. Martin Saenz, Esquire
>Fla. Bar No.: 0640166
>Email: msaenz@saenzanderson.com
>SAENZ & ANDERSON, PLLC
>20900 N.E. 30th Avenue, Ste. 800
>Aventura, Florida 33180
>Telephone: (305) 503.5131
>Facsimile:  (888) 270.5549